RUTH E. URBAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Urban v. Commissioner
Docket No. 12886-90
United States Tax Court
T.C. Memo 1991-220; 1991 Tax Ct. Memo LEXIS 242; 61 T.C.M. (CCH) 2642; T.C.M. (RIA) 91220; May 21, 1991, Filed *242 An appropriate order and decision will be entered. Ruth E. Urban, pro se. Tracy E. Stetson, for the respondent. NAMEROFF, Special Trial Judge. NAMEROFF
MEMORANDUM OPINION This case is before the Court on respondent's Motion for Judgment on the Pleadings filed pursuant to Rule 120 [1] and respondent's Motion for Imposition of Penalty under section 6673. In the notice of deficiency for the calendar year ending December 31, 1984, respondent determined a deficiency of $ 1,159 plus additions to tax under section 6653(a)(1) in the amount of $ 57.95 and 50 percent of the interest payable with respect to the underpayment under section 6653(a)(2). Respondent also determined an addition to tax under section 6651(a)(1) in the amount of $ 126. Petitioner, in her petition filed with this Court, alleged, in part, as follows: *243 ASSIGNMENT OF ERRORS
3. Petitioner assigns the following errors which have been committed by respondent in the determination of the deficiency. 3.A. Respondent erroneously believed that respondent has the delegated authority to determine and issue petitioner a notice of deficiency. 3.B. Respondent erroneously believed that respondent could determine an addition to tax provided for by Section 6651(a)(1).
STATEMENTS OF FACTS
4. A statement of fact, upon which petitioner bases the assignment of error, follows: 4.A. Respondent does not have the delegated authority to determine and issue a notice of deficiency to petitioner through delegation order and regulation. 4.B. Respondent failed to observe the substantive rule requirement for the particular form upon which respondent seeks to assess petitioner an addition to tax provided for by Section 6651(a)(1). [Emphasis in original.] Respondent, in his answer, denied all allegations.
A judgment on the pleadings is appropriate where petitioner raises no justiciable issues. See ; , *244 affd. without published opinion . Petitioner's contention that respondent lacked authority to issue a notice of deficiency to her is without merit. Sec. 6212. Petitioner also contends that respondent failed to follow proper administrative procedures regarding the signature on the notice of deficiency when it was issued. It is well settled that this Court generally will not look behind a deficiency notice to examine evidence used or the propriety of the Commissioner's motives or the administrative policy or procedures involved in making his determination. . Other papers filed in this case reflect that petitioner is contending that an error was made in the signature block in the notice of deficiency. Such an allegation of error is also without merit. It has long been established that in order to be valid, a deficiency notice need not be signed at all. , affg. ; , affd. . *245 In Oswego Falls Corp., the deficiency notice was unsigned, although it closed as did the one in the instant case with the Commissioner's name at the end of the document. "The objection raised by the taxpayer to the letter is that it is not signed. The statute does not require that it be signed. It requires that 'a notice of such deficiency' be sent by the Commissioner. The letter is such notice." . In addition, to the extent that the signature block does not comply with respondent's procedural manual, respondent's procedural rules have been held to be merely directory and not mandatory. ; ; . Petitioner fails to raise any justiciable issue in her petition. Any issues not raised in the assignment of error shall be deemed conceded. Rule 34(b)(4). There are no issues on which respondent has the burden of proof. Accordingly, respondent's Motion for Judgment on the Pleadings will be granted. [2]
*246 Whenever it appears to the Court that a taxpayer's position in a proceeding is frivolous or groundless, or instituted or maintained primarily for delay, or that the taxpayer unreasonably failed to pursue available administrative remedies, a penalty in an amount not to exceed $ 25,000 may be awarded to the United States by the Court in its decision. Section 6673(a)(1). We find petitioner's claims to be frivolous, groundless, and instituted primarily for delay. Petitioner has made no attempt to address the merits of the issues pertaining to her income, expenses, credits, or tax computation. Accordingly, petitioner will be required to pay to the United States a penalty in the amount of $ 1,000. An appropriate order and decision will be entered. Footnotes
1. Unless otherwise indicated all section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner filed a Counter Motion to Strike Matter from Answer and Motion for Judgment on the Pleadings, pursuant to Rules 52, 54, and 120. In accordance with our opinion herein, we will deny petitioner's motion.↩